ABRAMS,

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: DEC 2 1 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
HARBINGER F&G, LLC,

                Plaintiff,

v.

OM GROUP (UK) Limited,

                Defendant.

------------------------------------------------------------ X

No. 12-cv-5315 (RA)

**ECF Case**

## STIPULATION AND PROTECTIVE ORDER
## REGARDING CONFIDENTIALITY OF DOCUMENTS
## AND OTHER INFORMATION PRODUCED IN DISCOVERY

In accordance with Federal Rule of Civil Procedure 26(c), plaintiff Harbinger F&G, LLC and defendant OM Group (UK) Limited (the "Parties"), by their undersigned counsel, stipulate and agree as follows:

1. Any Party ("producing party") producing documents, answers to interrogatories, responses to requests for admissions, testimony or other information in this litigation may designate such documents or information, or any part thereof, as "Confidential Material." Confidential Material includes those files, documents, computerized information, testimony or other information furnished by a party in the course of pretrial discovery in this action which counsel reasonably and in good faith believes contains or reflects proprietary or confidential material, including without limitation information believed to constitute a trade secret, commercially sensitive, and/or currently valuable information of a non-public nature, which is ordinarily treated as confidential material by the producing Party for its trade or business.

2. Confidential Material may not be disclosed by the receiving party to any person other than:

(a) outside counsel of record in this litigation, and their partners, counsel, associates or employees to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this litigation;

(b) any Party to this litigation (or its officers, directors, in-house counsel or other current personnel), but only to the extent that such disclosure is reasonably deemed necessary by such Party's counsel for the conduct of this litigation, and provided that such persons may retain Confidential Material only as long as necessary for the conduct of this litigation;

(c) independent experts and consultants retained by or associated with any Party or its counsel to assist in the conduct of this litigation, including mediators, outside experts or consultants (together with their staff and including any mock jurors or focus groups) retained to assist any Party in connection with this lawsuit, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for that purpose, provided that such persons may retain Confidential Material only as long as is necessary for them to render such assistance;

(d) a Party or non-party witness and counsel for such witness in the course of his or her examination at deposition, or preparation for deposition, in this action, to the extent deemed necessary by counsel for a Party;

(e) persons who have prepared or assisted in the preparation of the Confidential Material or to whom the Confidential Material or copies thereof were addressed, delivered, or relate, but only to the extent that such disclosure is necessary for

2

the conduct of this litigation, and provided that such persons may not retain any Confidential Material;

(f) the Court in this action, and Court personnel, including, stenographic reporters and/or certified videotape operators engaged in pretrial discovery, but provided that such persons may retain Confidential Material only as long as is necessary for such engagement;

(g) commercial copy services, translators and other third-party vendors retained by or associated with any Party or its counsel in order to assist in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for that purpose and provided that such persons may retain Confidential Material only as long as is necessary for them to render such assistance; and/or

(h) any other person to whom the parties agree in writing, or as directed by Order of Court.

3. Before disclosing Confidential Material to any persons identified in Paragraph 2 above (other than the producing party and its officers, directors, in-house counsel, employees, experts, and the Court and Court personnel), counsel contemplating disclosure shall require such persons to read a copy of this Order and sign a copy of the Confidentiality Agreement, in the form attached hereto as Exhibit A, affirming that the recipient: (a) has read this Order and understands all of its terms; (b) agrees to abide by and to be bound by the terms of this Order; and (c) agrees to submit to the Court's jurisdiction for purposes of enforcement of this Order by proceedings for contempt and/or proceedings for legal and/or equitable relief, including damages, for a breach thereof. Counsel shall retain each such Confidentiality Agreement until such time as the litigation,

3

including all appeals, is concluded and counsel has retrieved all Confidential Material, or received certification of its destruction, from the recipient pursuant to Paragraph 10 below.

4. The producing party shall mark any documents and/or information designated in good faith as Confidential Material by means of the legend "CONFIDENTIAL" on each page or section of a page so designated, or shall otherwise so designate sections of deposition transcripts, answers to interrogatories, or statements disclosing facts learned through discovery, oral or written, that contain such Confidential Material by means of a statement on the record at the time of deposition testimony or at the time the statements are made, or in writing if the statements are produced. Within thirty (30) business days of receipt of a transcript or recording of such deposition, a producing party may also designate such transcript or recording, or statements or any portion thereof, by notifying all parties, in writing, of the specific pages and lines of the transcript or recording which should be treated as Confidential Material. All deposition transcripts or recordings shall be treated as Confidential Material under the terms of this Order for thirty business days after receipt of the transcript or recording, or until written notice of a designation is received, whichever occurs first. For information produced in its native file format, the designation of material as "CONFIDENTIAL" shall appear in a database field entitled "TREATMENT" that shall be related to each document. Additionally, each hard drive, disk or other physical item containing native files shall be marked to indicate that it contains Confidential Material.

5. If any Confidential Material is provided inadvertently to a Party without being marked "CONFIDENTIAL" in accordance with the terms of this Order, the failure

4

to so mark the document and/or information shall not be deemed a waiver of the right to assert its confidentiality. A producing party may designate the documents and/or information as Confidential Material at a later date, at which time the provisions of this Order shall apply to such documents and/or information. If a document is designated Confidential Material and one or more copies of the documents or the original is also produced but not so designated, the copies or original shall also be treated as Confidential Material if the recipient is actually aware of such fact.

6. If any Party objects to the designation of any documents and/or information as Confidential Material, and if the parties are unable to resolve such dispute informally, the Party objecting to the designation may submit the dispute to the Court for resolution. Pending resolution of such dispute by the Court, the documents and/or information shall retain their designation as Confidential Material. All documents and information received in pre-trial discovery in this action, including Confidential Material, and all other material, whether or not ultimately made part of the public record, shall be used by the receiving party solely for purposes of the above-captioned litigation, including any appeals, and for no other business, litigation or other purpose whatsoever.

7. The production of Confidential Material pursuant to this Order is not intended to constitute a waiver of any privilege or right to claim the trade secret or confidential status of the documents, materials, or information produced.

8. To minimize disputes, the Parties shall use their best efforts to avoid filing Confidential Material with the Court unnecessarily. However, theParties may introduce relevant and admissible Confidential Material in court filings, at trial or at a hearing before the Court. In the event that counsel for any Party wishes to file with or submit to

~~the Court any Confidential Material, such counsel shall notify counsel for the producing party at least two days before filing or submitting the Confidential Material to the Court. Counsel for the filing and producing parties shall thereafter confer in good faith to reach an agreement, to be reflected in a joint stipulation to the Court, regarding filing the Confidential Material under seal. If the parties are unable to reach an agreement after conferring in good faith, the producing Party may move the Court to file under seal the Confidential Material, and the opposing party shall have three days from the date of such filing to file an opposition. The filing party shall not file with or submit to the Court any Confidential Material that is subject to a motion to seal until the motion is resolved. . Upon a finding that the producing party has commercially sensitive information at issue or other good cause for filing under seal, any Confidential Material included in any papers filed with the Court or otherwise disclosed to the Court shall be labeled, "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and shall be filed in a sealed envelope, together with a copy of the motion requesting that the material be sealed and not disclosed unless ordered by the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal. Absent specific leave from the Court, filings made under seal also should be filed in redacted form for public access.~~

[Handwritten annotation: "The parties shall follow Rule 4.A of the Court's Individual Rules & Practices regarding Sealing. /RA"]

9.  Except as may be otherwise agreed by the Parties, not later than sixty (60) days after the conclusion of this litigation, including all appeals, the receiving party shall either destroy the Confidential Material or return the Confidential Material to the producing party, except that: a) outside counsel may retain, for their files, a copy of all Confidential Materials as counsel deems necessary to preserve an accurate record of the proceedings; provided, however, that copies of any such retained Confidential Material

6

shall not thereafter be provided to anyone; and b) Confidential Material that has been incorporated into work product may be retained, and a Party shall so certify in writing to the producing party.

10. This Order shall be without prejudice to the right of any producing party to: a) object to any discovery request on the grounds that the information requested is not relevant or otherwise discoverable; b) object or seek further protection of any documents, things, testimony, or information; c) claim any immunity, privilege, or other legal protection with respect to any documents, things, testimony, or information; or d) admit or contest admission with respect to the relevance, competence, materiality, privilege, propriety of the disclosure, or admissibility as evidence of any documents, things, testimony, or information.

11. In the event that a party inadvertently produces material that is protected by the attorney-client privilege, work product doctrine, or any other privilege, after the producing party actually discovers that such production was made, the producing party may promptly make a written request that the other parties return the inadvertently produced privilege document along with any copies made thereof. The parties who received the inadvertently produced document will either return the document to the producing party or destroy the document immediately upon receipt of the written request, as directed by the producing party. By returning or destroying the document, the receiving party is not conceding that the document is privileged and is not waiving its right to later challenge the substantive privilege claim, provided that it may not challenge the privilege claim by arguing that the inadvertent production waived the privilege.

12. Pursuant to Federal Rule of Evidence 502, disclosure of material in connection with this litigation shall not effect a waiver of the attorney-client privilege or work product protection in this litigation, nor in other federal or state proceedings.

13. This Order shall survive the final termination of this action to the extent that the information contained in Confidential Material is not or does not become known to the public, and this Court shall retain jurisdiction to resolve any dispute concerning the use of material produced hereunder.

14. Any and all disputes between or among any of the parties regarding the interpretation or enforcement of this Order or any other issue related to the disclosure or protection from disclosure of any material designated as Confidential Material shall be submitted to this Court for a binding ruling. A party shall not be obligated to challenge the propriety of a designation of material as Confidential Material at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. This paragraph expressly acknowledges the right of any party to apply to this Court to have any particular document, piece of information, or item of testimony that has been designated as Confidential Material released from the protection of this Order. Before making such an application, a challenging party shall notify the producing party by identifying the challenged material (including bates numbers where applicable or other identifying information) and shall first try in good faith to resolve any dispute on an informal basis, such as by the production of redacted copies. Only if agreement cannot be reached should a motion be filed with the Court. In any proceeding on any application to release confidential material from the protection of this Order, the producing party shall have the burden of sustaining the propriety of that designation.

15. The restrictions set forth in the preceding paragraphs shall not apply to Confidential Material which:

    a. is or becomes disclosed to the public other than through violation of this Order, provided, however, that Confidential Material shall not lose that status by reason of its use or disclosure in any proceeding in this litigation;

    b. is acquired by the non-producing party from a third party lawfully possessing such Confidential Material; or

    c. was lawfully possessed by the non-producing party before discovery in this action.

16. Any third party producing its own documents pursuant to requests by a party in this litigation may invoke the protections of this Order in connection with such production. Further, within fifteen (15) days of any third party production of documents in connection with this action, each of the parties to this action shall be able to designate any of those documents as "Confidential Material" pursuant hereto, based on its own (and not the third party's) interest in preserving the confidentiality of the documents so designated. During the fifteen (15) day period after any third party production of documents in connection with this action, all such documents shall be treated as "Confidential Material" pursuant to this Order, pending the parties' designation of such documents consistent with this paragraph

17. Nothing in this Order shall:

    a. prevent or restrict any party from using or disclosing in any way documents it has produced or disclosed in the course of discovery proceedings herein;

      b.      prevent or restrict any party from seeking additional protection with respect to the disclosure of particular documents;

      c.      prevent or restrict any party from seeking relief from this Stipulation and Protective Order for good cause shown; or

      d.      prohibit a Party from producing Confidential Material in its possession pursuant to a subpoena issued by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such Confidential Material; provided, however, that if such Party receives a subpoena or other compulsory process seeking production or other disclosure of Confidential Material, that party shall give prompt written notice to counsel for the producing party, identifying the Confidential Material at issue, and, unless prohibited by applicable law, enclosing a copy of the subpoena or other compulsory process in order that the producing party may protect its interest in said Confidential Material. When possible, at least ten (10) days written notice before production or other disclosure shall be given and, in all circumstances, reasonable efforts shall be made to provide written notice prior to production or disclosure.

Dated:    New York, New York
             December 20, 2012

                                            DEBEVOISE & PLIMPTON LLP

                                            By: _____
                                            Daniel M. Abuhoff
                                            Olga Kaplan
                                            Katherine W. Kern
                                            919 Third Avenue
                                            New York, New York 10022
                                            (212) 909-6000
                                            *Attorneys for Plaintiff Harbinger F&G LLC*

WILLKIE FARR & GALLAGHER LLP

By: _____
Joseph T. Baio
Benjamin P. McCallen
Casey E. Donnelly
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
*Attorneys for Defendant*
*OM Group (UK) Limited*

**IT IS SO ORDERED.**

_____
United States District Judge Ronnie Abrams

12/21/12

**This stipulation binds the parties to treat as confidential the documents so classified. The Court makes no finding as to whether the documents are confidential. Moreover, the Court does not endorse any provision which purports to authorize the parties to file documents under seal without a prior court order.**

11

## Exhibit A

## CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge and agree that:

1. I have read the Stipulation and Protective Order Regarding Documents and Other Material Produced in Discovery ("Order"), entered in the civil action captioned, Harbinger F&G, LLC v. OM Group (UK) Limited, at Civil Action No. 12-civ-5315 in the United States District Court for the Southern District of New York.

2. I understand the terms of the Order and I understand that the Confidential Material, any notes or other memoranda, or any other forms of information that copy, reflect, summarize, or otherwise reveal any part of such Confidential Material, shall not be disclosed to any other person except in accordance with the Order.

3. I hereby agree to be bound by the terms of the Order and understand that a violation thereof may subject me to contempt proceedings and to legal and equitable remedies, including damages.

4. I understand and agree that money damages would not be a sufficient remedy for breach of this Undertaking and that a party which asserts the confidential interest shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any such breach. I agree to waive any requirement for the securing or posting of any bond in connection with such remedy. Such remedy shall not be deemed to be the exclusive remedy for breach of this Undertaking but shall be in addition to all remedies available at law or equity.

5.   I hereby irrevocably submit to the jurisdiction of the United States District Court for the Southern District of New York, or any other court of competent jurisdiction, for purposes of ensuring compliance with the terms and conditions of the Order and for civil remedies in the form of legal and equitable relief, including damages, for any breach thereof.

Dated: _____

_____
Print Name

_____
Signature

_____
Title

_____
Company