```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/25/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
 :
HARBINGER F&G, LLC,  :
 :
                Plaintiff, :
 :     No. 12 Civ. 5315 (RA)
       -v- :
 :     ORDER
OM GROUP (UK LIMITED), :
 :
                Defendant. :
 :
------------------------------------------------------------ X

RONNIE ABRAMS, United States District Judge:

    The above entitled action is referred to the designated Magistrate Judge for the following purposes:

| | | | |
|---|---|---|---|
| ☒ | General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement) | ☐ | Consent under 28 U.S.C. § 636(c) for all purposes (including trial) |
| ☐ | Specific Non-Dispositive Motion/Dispute | ☐ | Consent under 28 U.S.C. § 636(c) for limited purpose (e.g., dispositive motion, preliminary injunction) Purpose: |
| | If referral is for discovery disputes when the District Judge is unavailable, the time period of the referral: | ☐ | Habeas Corpus |
| ☐ | Settlement | ☐ | Social Security |
| ☐ | Inquest After Default/Damages Hearing | ☐ | Dispositive Motion (i.e., motion requiring a Report and Recommendation) Particular Motion: |

SO ORDERED.

Dated:   March 25, 2013
           New York, New York

                                                      Ronnie Abrams
                                                      United States District Judge

# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

March 19, 2013

VIA EMAIL

Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

Re:   Harbinger F&G, LLC v. OM Group (UK) Limited, No. 12 Civ. 5315 (RA)

Dear Judge Abrams:

This firm represents defendant OM Group (UK) Limited ("OM") in the above-captioned action. We write today to request an informal conference to address both the failure of plaintiff Harbinger F&G, LLC ("Harbinger") to produce a privilege log in this matter, and Harbinger's recent "claw back" of several documents that are completely devoid of legal advice. Harbinger's failure to provide a privilege log – and to agree to reasonable adjustments to the discovery schedule in light of its delay – will prejudice OM. Pursuant to Rule 2(D) of Your Honor's Individual Rules & Practices, the parties met and conferred on these issues on multiple occasions but were unable to reach agreement.

Procedural Background

On October 2, 2012, this Court entered a Case Management Plan and Scheduling Order requiring, among other things, that the parties complete all fact discovery by March 1, 2013. When it became clear that Harbinger would be unable to complete its document production in time for depositions to conclude by March 1, the parties jointly wrote to the Court on January 18, 2013 requesting that the Scheduling Order be amended to extend fact discovery through May 1, 2013. The Court so ordered the proposed amended Scheduling Order on January 23, 2013. (See January 23 Scheduling Order, attached as Exhibit 1.)

Once the Court granted the parties' request for an extension of fact discovery, Harbinger took advantage of the extra time and delayed its production of documents. Harbinger produced documents to OM on February 4, 2013, but then waited over a month, until March 8, 2013, before making another production. When the parties agreed to ask the Court for a two-month extension of fact discovery, OM did not expect that Harbinger would take five weeks of the additional period to complete its

March 19, 2013
Page 2

production. OM anticipates that more than a dozen depositions will be necessary in this action, all of which now must concluded in the next six weeks. The first deposition is scheduled for next Thursday, March 28, 2013.

Beginning in early January, OM requested on several occasions that the parties agree to a date for the exchange of privilege logs. Harbinger refused to do so, claiming that it needed to focus its efforts on document production and review. The day after Harbinger's March 8 production, OM emailed Harbinger requesting that the parties exchange privilege logs on March 15, 2013. Harbinger responded that it was unable to do so, and refused to propose an alternative date. As recently as yesterday afternoon, Harbinger stated it believes it may be able to produce its log in the final the week of March, but has not provided a specific date on which it will do so.

In light of its purported inability to provide a privilege log in a timely fashion, OM requested that Harbinger consider a modest extension of fact discovery period so the parties may exchange logs and raise any disputes with the Court in an orderly and efficient fashion, prior to the commencement of depositions. Instead, Harbinger has taken the position that depositions should proceed in April as planned – even though a significant number of deponents may need to be re-deposed in light of documents produced off Harbinger's privilege log.

Harbinger's Overbroad Privilege Designations

This action stems from the 2011 sale of certain Maryland-based insurance assets from OM to Harbinger. Pursuant to the parties' sale contract, after closing of the acquisition, Harbinger was to pursue regulatory approval of a reinsurance transaction with the Maryland insurance authorities. In the event the Maryland regulators denied the reinsurance transaction and certain additional conditions were met, OM was obligated to refund $50 million of the sale price to Harbinger. On January 11, 2012, the Maryland regulators chose not to approve the reinsurance transaction on its initial terms, and Harbinger subsequently claimed the $50 million from OM. OM believes that the transaction was not approved because of, among other things, Maryland's concerns about ongoing investigations by the Department of Justice and the Securities and Exchange Commission into Harbinger Capital Partners and its principal, Philip Falcone – both of whom were to play a central role managing policyholder assets under the terms of the reinsurance transaction. If in fact the reinsurance transaction was denied because of Harbinger's legal troubles, OM owes Harbinger nothing.

During discovery, Harbinger produced an internal memorandum authored by Daniel de Kock, a member of Harbinger's Financial Reporting group. Mr. de Kock's memo, which was written shortly before the filing of this action, focused on Harbinger's accounting treatment of the $50 million it claims it is owed. Among other things, Mr. de Kock's memo discusses why, in Harbinger's view, the Maryland regulators likely did not approve the reinsurance transaction. Contrary to Harbinger's claims in this action, Mr. de Kock concluded that the SEC's investigations and the subsequent Wells notices sent to Harbinger, Falcone, and two other Harbinger executives were likely among the primary reasons the Maryland authorities denied the reinsurance transaction.

On March 14, OM requested that Harbinger provide a deposition date for Daniel de Kock, given the importance of this memo to OM's defense. The very next day, Harbinger sought to "claw back" Mr.

March 19, 2013
Page 3

de Kock's memo, along with over 100 additional documents that it claims are privileged and were erroneously produced to OM. It is apparent that various of those documents, including Mr. de Kock's memo, do not contain legal advice of any kind.

Moreover, various additional documents are being withheld, redacted or "clawed back" merely because an in-house attorney at Harbinger was copied on the email. For example, OM believes that most if not all of the communications involving Harbinger's third-party actuarial consultants, Milliman, Inc., are being improperly withheld as privileged because those actuaries were not instrumental to the provision of legal advice. *U.S. v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961) ("What is vital to the privilege is that the communications be made in confidence for the purpose of obtaining legal advice from the lawyer. If what is sought is not legal advice but only accounting service, or if the advice sought is the accountant's rather than the lawyer's, no privilege exists.") In any event, Harbinger's extensive redactions of communications demonstrates that it did not engage in the necessary document-by-document analysis of privilege in those communications. *See Byrnes v. Empire Blue Cross Blue Shield*, 1099 WL 1006312 (S.D.N.Y Nov. 4, 1999) (examining actuarial communications and finding five of seven documents to not contain privileged communications).

Conclusion

In light of Harbinger's considerable delay in the production of a privilege log, OM requests an informal conference to discuss: (i) setting a deadline for the exchange of complete privilege logs between the parties; (ii) establishing a schedule for OM's motion to compel and/or *in camera* review of documents designated as privileged by Harbinger; and (iii) potential adjustments to the Court's January 23 Scheduling Order in light of the foregoing.

Respectfully submitted,

*[signature]*

Benjamin P. McCallen

cc: Daniel M. Abuhoff, Olga Kaplan, *Counsel for Plaintiff Harbinger F&G, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

HARBINGER F&G, LLC,

                Plaintiff,

                -v-

OM GROUP (UK) Limited,

                Defendant.
-----------------------------------------------------X

No. 12 Civ.5315 (RA)

[PROPOSED] REVISED
CASE MANAGEMENT PLAN AND
SCHEDULING ORDER

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/23/13

RONNIE ABRAMS, United States District Judge:

    Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order:

1. All parties **do not consent** to disposition of this case by a United States Magistrate Judge. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. This case **is not** to be tried to a jury.

3. No additional parties may be joined after **December 14, 2012** without leave of the Court.

4. No additional causes of action or defenses may be asserted after **December 1, 2012** without leave of the Court.

5. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than **September 26, 2012**.

6. All fact discovery is to be completed no later than **May 1, 2013**.

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 4 above.

    a. Initial requests for production of documents shall be served by **October 8, 2012**.
    b. Interrogatories shall be served by **November 23, 2012**.

    c.    Depositions shall be completed by **May 1, 2013**.
    d.    Requests to Admit shall be served no later than **three weeks prior to trial**.

8. All expert disclosures, including reports, production of underlying documents, and depositions shall be completed by **July 1, 2013**. [*The parties shall be prepared to describe their contemplated expert discovery and the bases for their proposed deadlines at the initial conference.*]

9. All discovery shall be completed no later than **July 1, 2013**.

10. The Court will conduct a post-discovery conference on July 12, 2013 at 11:00 a.m. [*To be completed by the Court.*] No later than one week in advance of the conference, the parties are to submit a joint letter updating the Court on the status of the case, including but not limited to whether either party intends to file a dispositive motion and what efforts the parties have made to settle the action.

11. Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 5 of the Court's Individual Rules and Practices shall be due thirty (30) days from the close of discovery, or if any dispositive motion is filed, thirty (30) days from the Court's decision on such motion. This case shall be trial ready sixty (60) days from the close of discovery or the Court's decision on any dispositive motion.

12. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

    a.    \_\_\_\_\_ Referral to a Magistrate Judge for settlement discussions.

    b.    \_\_\_\_\_ Referral to the Southern District's Mediation Program. [*Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 11(b).*]

    c.    **_X_** Retention of a private mediator.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

13. The parties have conferred and their present best estimate of the length of trial is **3 to 5 days**.

SO ORDERED.
Dated: January 23, 2013
       New York, New York

Ronnie Abrams
United States District Judge

- 2 -   1/23/13

DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
Fax 212 909 6836
www.debevoise.com

March 22, 2013

BY ELECTRONIC MAIL

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Harbinger F&G, LLC v. OM Group (UK) Limited, No. 12 Civ. 5315 (RA)**

Dear Judge Abrams:

We represent plaintiff Harbinger F&G, LLC ("Harbinger") in the above-captioned case. We write in response to the letter from defendant OM Group (UK) Limited ("OM Group") to your Honor, dated March 19, 2013.

OM Group's letter contains numerous mischaracterizations of substantive points and the progress of discovery. Rather than respond in kind, we focus on the relief OM Group seeks in its concluding paragraph a conference to discuss.

(i) *Setting a deadline for the exchange of privilege logs.* Harbinger has begun producing privilege logs on a rolling basis and, as OM Group has been informed, expects to complete the privilege logs by March 29, within three weeks of the parties' completion of document production. There is no need or justification for a deadline for privilege logs.

(ii) *Establishing a schedule for OM's motion to compel and/or in camera review of documents designated as privileged by Harbinger.* OM Group's letter does not make clear which documents it seeks to have reviewed by the Court *in camera*. If OM Group is seeking review of the de Kock memo, this document is a confidential communication made for the purpose of obtaining legal advice. Daniel de Kock is Harbinger's Director of Financial reporting. The memo was for the purpose of memorializing internally accounting treatment for the price adjustment due from OM Group in light of the Maryland authority's disapproval of a reinsurance transaction. It was drafted at the request of Thomas Williams, Harbinger's Chief Financial Officer, and was emailed to Harbinger's in-house and outside counsel with a request that counsel review and send

New York • Washington, D.C. • London • Paris • Frankfurt • Moscow • Hong Kong • Shanghai

The Honorable Ronnie Abrams	2	March 22, 2013

back revisions (which counsel did). Harbinger welcomes the Court's review of this document.

    (iii) *Potential adjustments to the January 23 Scheduling Order.* Adjustment to the schedule does not appear necessary at this juncture. Harbinger's rolling production of privilege logs is not untimely. There is no reason to postpone any deposition, particularly in light of Harbinger's offer to have depositions reopened in the event that a document come off a privilege log, if OM Group believes in good faith that it needs to question a witness about the document. (OM Group rejected this proposal.)

Sincerely,

Olga Kaplan

cc:  Joseph Baio, Esq.
      Benjamin McCallen, Esq.
      Casey Donnelly, Esq.
       *Counsel for defendant OM Group (UK) Limited*